UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 10-40031-01-KES |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | MOTION FOR REDUCED |
| | ) | SENTENCE UNDER |
| AZIZIA PETERSON, | ) | 18 U.S.C. § 3582(c)(2) |
| | ) | |
| Defendant. | ) | |

Defendant, Azizia Peterson, sent a letter to the court that will be construed as a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of the Fair Sentencing Act. Docket 116. The government has not responded to Peterson's motion. Peterson filed her motion for a reduction in sentence on October 26, 2011. Docket 116. The starting date for the retroactive application of the sentencing guidelines did not occur until November 1, 2011. Although Peterson's claim was not yet ripe for review at the time of filing, the court will review the substantive merits of her claim now because her claim does not have merit. For the following reasons, Peterson's motion is denied.

A jury found Peterson guilty of one count of conspiracy to distribute a mixture containing cocaine base. Docket 85. The jury found that more than 50 grams were attributable to Peterson. Docket 85. At sentencing, Peterson's total offense level was 28 and she was in Criminal History Category VI, which resulted in an advisory guideline range of 140 to 175 months. Docket 94 at 2. Peterson was subject to a mandatory minimum sentence of 120 months based

on the quantity of cocaine base. Docket 94 at 2. The court applied the 1:1 ratio to account for the disparity between powder and crack cocaine and gave Peterson a downward departure. After the new ratio was applied, Peterson's base offense level was 26, which resulted in an advisory guideline range of 120 to 150 months. Peterson was sentenced to 120 months' imprisonment. Docket 96.

The Fair Sentencing Act (FSA) was enacted on August 3, 2010, and it raised the amount of cocaine base necessary to impose a mandatory minimum sentence. *See United States v. Walker*, Cr. No. 05-40146-04, 2011 WL 6100277, at *1 (D.S.D. Dec. 7, 2011) (citing Pub. L. No. 111-220, 124 Stat. 2372 (2010)). The Sentencing Commission then amended the Sentencing Guidelines to implement the FSA, and the Commission gave retroactive effect to the new guidelines as of November 1, 2011. *Id.* The Eighth Circuit Court of Appeals has since held, however, that the new mandatory minimums established in the Fair Sentencing Act cannot be applied retroactively. *United States v. Sidney*, 648 F.3d 904, 908 (8th Cir. 2011).

Section 3582(c)(2) grants courts the power to modify a sentence when: (1) the defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) this reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One applicable policy statement imparts that a sentence reduction is not warranted if the amendment "does not have the effect of lowering the defendant's applicable

guideline range." U.S.S.G. § 1B1.10(a)(2)(B).[1] The guidelines provide "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Statutorily-set mandatory minimums always trump the guidelines even if the guideline range would be lower without a mandatory minimum. *Sidney*, 648 F.3d at 908 (citation omitted).

While the amendments to the sentencing guidelines can now apply retroactively to defendants sentenced under the old sentencing guidelines, they cannot be applied to defendants like Peterson who were sentenced subject to a mandatory minimum. Peterson's term of imprisonment has not been lowered by the Sentencing Commission because her term is based on a statutorily set mandatory minimum and not on the amended sentencing guidelines.[2] Additionally, a sentence reduction cannot be applied to Peterson's

---

[1] The application note to U.S.S.G. § 1B1.10 specifically states that one example of when the amendment does not have the effect of lowering the defendant's applicable guideline range is due to another guideline or statutory provision, like "a statutory mandatory minimum term of imprisonment."

[2] *See United States v. Hall*, Cr. No. 07-00711-20, 2011 WL 6669022, at *1 (D.S.C. Dec. 21, 2011) ("Defendant's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A), not the United States Sentencing Guidelines. Because Defendant's sentence was not based on the Sentencing Guidelines, and Amendment 750 lowered only the crack cocaine offense levels in § 2D1.1 of the Sentencing Guidelines, Amendment 750 does not lower Defendant's applicable sentencing ranges."); *United States v. Blackmon*, Cr. No. 07-0184-02, 2011 WL 6339795, at *2 (S.D. Tex. Dec. 19, 2011) ("Because [defendant's] sentence was determined by mandatory minimum statutes, and not based on a subsequently reduced guidelines range, he is not entitled to a reduction in sentence under § 3582(c)(2)."); *United States*

mandatory minimum sentence because it is not consistent with the appropriate policy statements and "does not have the effect of lowering the defendant's applicable guideline range." For these reasons, the amendments to the FSA do not apply retroactively to Peterson, and her motion to reduce her sentence is denied. Accordingly, it is

ORDERED that Peterson's motion to reduce her sentence (Docket 116) is denied.

Dated April 10, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

*v. Kellam*, Cr. No. 06-00041-007, 2011 WL 6294733, at *1 (W.D. Va. Dec. 15, 2011) ("Although § 841(b)(1)(A) was recently amended by the Fair Sentencing Act, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of her original conviction."); *United States v. Haynes*, Cr. No. 08-30022, 2011 WL 6150565, at *3 (C.D. Ill. Dec. 12, 2011) ("The Sentencing Commission did not subsequently lower [defendant's] sentencing range, which was based on the statutory mandatory minimum sentence."); *United States v. Brown*, Cr. No. 07-874, 2011 WL 6153603, at *2 (E.D.N.Y. Dec. 12, 2011) ("As an initial matter, defendant is not eligible for relief under 28 U.S.C. § 3582(c)(2) because his sentenced was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' but instead was based on the statutory mandatory minium sentence pursuant to 21 U.S.C. § 841(b)(1)(A).").